## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JIAFU LIU, *et al.*, |  |
| Plaintiffs, | Civil Action No. 24-8713 (MAS) (TJB) |
| v. | **MEMORANDUM ORDER** |
| ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL INC., *et al.*, |  |
| Defendants. |  |

This matter comes before the Court upon Plaintiff Jiafu Liu's ("Liu") Motion for Rule 11 Sanctions against Defendant Edison Healthcare, LLC d/b/a Embassy Manor ("Embassy Manor"). (ECF No. 43.) Embassy Manor opposed (ECF No. 52), and Liu replied (ECF No. 57). Before the instant motion, there were motions to dismiss filed by Defendants Robert Wood Johnson University Hospital New Brunswick and RWJBarnabas Health (ECF No. 21),[1] Gary Ben Cornick (ECF No. 25), Benjamin Menasha and Pisciotta & Menasha, LLC (ECF No. 26), and Embassy Manor (ECF No. 30). On June 30, 2025, the Court filed an opinion and order dismissing the Amended Complaint as to Liu in its entirety without prejudice (the "June 2025 Opinion"). (ECF Nos. 60-61.) The Court also ordered the Clerk to "select an attorney, from the civil pro bono panel, to serve as Liu's guardian ad litem in this matter," and ordered that "Liu's guardian ad litem shall e-file correspondence with a status update within thirty (30) days of appointment." (ECF No. 61.)

In the instant motion, Liu argues that Embassy Manor should be subject to sanctions under Rule 11 for "presenting a key factual misrepresentation to this Court," namely, that "Plaintiff Liu

---

[1] The RWJ Defendants' notice of motion explains that Robert Wood Johnson University Hospital New Brunswick was incorrectly pled in the Amended Complaint as Robert Wood Johnson University Hospital Inc. (ECF No. 21.)

is legally incapacitated in the State of New Jersey." (Liu's Moving Br. 2, ECF No. 43-1.) The Court, however, finds it inappropriate to render a ruling on this motion at this time. As discussed at length in the June 2025 Opinion, the repeated representations in the Amended Complaint that Liu is a non-English speaker led the Court to conclude that pro se Plaintiff Lingxi Kong ("Kong") was acting as Liu's legal representative. (June 2025 Op. 10, ECF No. 60.) The same logic applies here, and the Court concludes that Kong, a non-lawyer, drafted the instant Motion for Rule 11 Sanctions.

"Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998)); *see also Collinsgru*, 161 F.3d at 232 ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."). Kong, as a non-attorney proceeding pro se, simply may not act as Liu's attorney in federal court. *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) ("Osei-Afriyie was not entitled, as a non-lawyer, to represent his children in place of an attorney in federal court."). As such, the Court denies the Motion for Rule 11 Sanctions without prejudice. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) ("The District Court [] should not have reached the merits of [the] claim in the absence of proper representation." (citations omitted)).

Since the Court has already invoked Federal Rule of Civil Procedure 17 in its June 2025 Opinion and ordered the Clerk to appoint Liu a guardian ad litem for the limited purpose of this case, the Court is satisfied that Liu will have proper support and guidance to decide whether to retain counsel and re-file the instant motion.

**IT IS**, on this _10_<sup>th</sup> day of July 2025, **ORDERED** as follows:

1.    Liu's Motion for Rule 11 Sanctions (ECF No. 43) is **DENIED WITHOUT PREJUDICE**.

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**